IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 19, 2002 Session

## STATE OF TENNESSEE v. LESTER E. ELLIOTT

**Appeal from the Circuit Court for Franklin County**
**No. 13195     J. Curtis Smith, Judge**

_____

**No. M2002-00037-CCA-R3-CD - Filed January 22, 2003**

_____

The Defendant, Lester E. Elliott, was convicted by a jury of driving in violation of the Motor Vehicle Habitual Offenders Act. He was sentenced to two years in the Department of Correction for this offense. The Defendant now appeals as of right, arguing that the evidence is not sufficient to sustain his conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

David McGovern, Jasper, Tennessee, for the appellant, Lester E. Elliott.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; J. Michael Taylor, District Attorney General; and William Copeland, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Officer Ty Brazier testified that he stopped the Defendant after seeing the Defendant's automobile run a stop sign on the night of December 26,1999. The Defendant was eventually placed under arrest for DUI; additional charges, including the one which resulted in the instant conviction, were subsequently brought. In support of its case against the Defendant for violating the Motor Vehicle Habitual Offenders ("MVHO") Act, the State introduced a redacted copy of a certified copy of a court order from the Criminal Court of Tennessee, 30th Judicial District, declaring that on January 5, 1995, the Defendant "be, and hereby is declared a Habitual Offender in accordance with the Motor Vehicle Habitual Offenders Act and is barred from operating a motor vehicle in the State of Tennessee." The copy of the order was redacted so as to remove reference to the convictions upon which the order was based. This proof, along with proof that the Defendant was indeed driving, was

all of the evidence submitted by the State in support of the charge that the Defendant had violated the MVHO Act. However, earlier in the Defendant's trial, which was trifurcated, the State introduced a document titled "Department of Safety Certification as to Status of Operator's License." This document provided that the Defendant's status of driving privileges on December 26, 1999, was "revoked."

The Defendant now contends that the evidence is not sufficient to support his conviction. Specifically, he argues that the State had to prove that the court's order declaring him to be an habitual offender remained in effect on the night he was stopped. Our Criminal Code provides that "[i]t is unlawful for any person to operate any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect." Tenn. Code Ann. § 55-10-616(a). Orders declaring persons to be habitual offenders are inviolate for a period of three years. See id. § 55-10-615(a). Following the expiration of three years after an order declaring a person to be an habitual offender has been entered, however, the person may petition for the restoration of his or her driving privileges. See id. § 55-10-615(b). The instant order was entered more than three years prior to the Defendant's December 1999 arrest. The Defendant thus argues that the State had to prove that his driving privileges had not been restored as of December 26, 1999, in order to satisfy the statutory requirement that he was driving while the MVHO order "remain[ed] in effect."

While we admire the Defendant's creative approach to overturning his conviction, we must disagree with his premise. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. See Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

The proof submitted to the jury in this case consisted of the operative language of the court order declaring the Defendant to be an habitual offender. In particular, the order states that the Defendant "is barred from operating a motor vehicle in the State of Tennessee." The order makes no reference to an expiration period or to any mechanism by which the Defendant could nullify its mandate. A plain reading of the language submitted to the jury leads to the conclusion that the order remains in effect forever, and the jury was certainly justified in concluding that the order was in effect on December 26, 1999. Moreover, the jury also had before it, from an earlier portion of the Defendant's trial, proof that the Defendant's driving privileges were revoked as of December 26, 1999. Accordingly, we hold that the evidence presented to the jury was sufficient to support the Defendant's conviction of violating the MVHO Act.

We also note the difficulties presented in proving a violation of the MVHO Act if we were to adopt the Defendant's position. The MVHO Act provides that a person found to be an habitual offender "may petition the court where found to be an habitual offender <u>or any court of record having criminal jurisdiction in the county in which such person then resides,</u> for restoration of the privilege to operate a motor vehicle in this state." Tenn. Code Ann. § 55-10-615(b) (emphasis added). Thus, in order to prove that a defendant's driving privileges had not been restored, the State would have to determine every county in which the defendant had resided during the relevant time period and then seek proof from each of those counties that the defendant had not obtained a court order restoring his or her driving privileges. Evidence sufficient to convict a defendant of driving in violation of the MVHO Act does not require so much. Rather, when the State establishes that a court order has been entered prohibiting the defendant from driving, as the State did here, then the defendant has the option of presenting proof that his or her driving privileges had been restored as of the relevant time. In the absence of any such conflicting proof, the jury in this case was presented with evidence sufficient to support its finding of guilt beyond a reasonable doubt.

Finding the Defendant's ground for appeal to be without merit, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE